IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FISH NET, INC., t/a | : | CIVIL ACTION |
| THAT FISH PLACE- | : | |
| THAT PET PLACE, | : | NO. 09-5259 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCEAN COUNTY REEF AQUATICS, | : | |
| (t/a OCEAN COUNTY AQUATIC | : | |
| SUPPLIES; OC REEF AQUATICS; | : | |
| OCREEF.COM) and | : | |
| DAVID HOOVER | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM & ORDER**

Jones II, J.                                                                                                  January 25, 2010

Presently before the Court is Plaintiff's ripe Request for Default Pursuant to Federal Rule of Civil Procedure 55(a) ("Request") (Dkt. No. 5). For the reasons set forth below, said Request will be denied without prejudice.

**I.      BACKGROUND**

Plaintiff filed this action against Defendants on November 10, 2009 (Dkt. No. 1). In the Complaint ("Compl."), Defendant David Hoover is identified as "owner, operator, provider [and] webmaster" of Defendant Ocean County Reef Aquatics ("Ocean County"). Compl. ¶ 3. Defendants are alleged to reside at 2800 Keller Drive, Suite 200, Tustin, California.

On November 20, 2009, Plaintiff filed with the Court a Return of Service form indicating that the United Parcel Service ("UPS") acted as process server for the Summons and Complaint

in this matter (Dkt. No. 3). Attached as Exhibit A to the Return of Service form is a copy of an email from UPS confirming delivery of a letter on November 17, 2009 to "Dan Hoover" at Defendants' Tustin, California address. *Id.* The email also confirms that the delivery was signed for by "Hoover." *Id.* Defendants have failed to plead or otherwise respond in a timely manner**.** Plaintiff now moves for a default judgment against Ocean County and Dan Hoover.

**II.    DISCUSSION**

Personal jurisdiction over the defendant must be satisfied before a court may enter a default judgment, and "[p]roper service is still a prerequisite to personal jurisdiction." *Pars Tekstil Sanayi Tic, A.S. v. Dynasty Designs, Inc.*, Civ. No. 08-1147, 2008 WL 3559607, at *1 (E.D. Pa. Aug. 13, 2008) (citing *Grand Entmn't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)). Rule 4(h)(1) of the Federal Rules of Civil Procedure, which regulates service upon a corporation within a judicial district of the United States, provides that service may be effected:

> (A) in the manner prescribed in Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant."

Fed. R. Civ. P. 4(h)(1).

Federal Rule 4(e)(1), in turn, provides that a person may be served by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." As this Court is located in Pennsylvania, this Court will first look to the Pennsylvania Rules of Civil Procedure to determine

whether Plaintiff properly served the Summons and Complaint under Pennsylvania law. Indeed, Pennsylvania Rule 403 "permit[s] service on an out-of-state corporation 'by any form of mail requiring a receipt signed by the defendant or his authorized agent.'" *Seldon v. Home Loan Services, Inc.*, Civil Action No. 07cv4480, at *2 (E.D. Pa. Jan. 26, 2009) (citing Pa. R. Civ. P. 403); *see* Pa. R. Civ. P. 404(2) permitting service on out-of-state corporation by mail as provided in Rule 403).[1]

Plaintiff argues that he has thus properly served Defendants under Pennsylvania Rule 403. *See* Request ¶¶ 4-5. However, Plaintiff's Complaint names *David* Hoover as a Defendant and as the owner/operator of Defendant Ocean County, while UPS appears to have delivered the Summons and Complaint to *Dan* Hoover. Furthermore, the UPS receipt indicates only that "Hoover" signed for the delivery–no first name. Now Plaintiff seeks default judgment against *Dan* Hoover. The Court cannot find that service was proper under Federal Rule 4(h); the form submitted does not adequately identify the person served such that the Court could determine if it was in fact Dan or Dave Hoover. In any event, it is now unclear to the Court as to whether Dan or Dave Hoover is the appropriately named, not to mention served, Defendant.

Because the Court cannot conclude that service was proper, it cannot assert personal jurisdiction over Defendants, and thus cannot enter a default judgment. The Court will deny Plaintiff's motion without prejudice to allow Plaintiff to serve Defendants in accordance with the rules of this jurisdiction, which include the Federal Rules of Civil Procedure and incorporate the Pennsylvania Rules of Civil Procedure and California Code of Civil Procedure. If Defendants

---

[1]As the Pennsylvania Rules of Civil Procedure provide for service by mail on an out-of-state corporation, the Court need not examine the applicable state law in California, the state in which Plaintiff attempted to serve Defendants.

fail to respond to the properly served Complaint, Plaintiff may refile a motion for entry of default in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

AND NOW, this 25th day of January, Plaintiff's Request for Default (Dkt. No. 5) is DENIED without prejudice to resubmission of a request for default entry if Defendants fail to respond properly to a duly served Summons and Complaint.

BY THE COURT:

/s/ C. Darnell Jones II
C. DARNELL JONES,    J.